IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
PENSACOLA DIVISION

UNITED STATES OF AMERICA

vs.                                     Case Nos.:      3:09cr35/MCR/EMT
                                                        3:12cv297/MCR/EMT

TAUREAN PROCH

---

## REPORT AND RECOMMENDATION

This matter is before the court upon Defendant's Second Amended Motion to Vacate, Set Aside, or Correct Sentence Pursuant to 28 U.S.C. § 2255 and supporting memorandum of law (docs. 81, 82). The Government filed a response (doc. 88), and Defendant filed a reply (doc. 89). Defendant also filed a Motion to Expedite Proceedings, which included a supplemental argument, to which the Government responded and Defendant then replied (docs. 90, 92, 93). Defendant also filed a "Motion for Judicial Notice" (doc. 98). The case was referred to the undersigned for the issuance of all preliminary orders and any recommendations to the district court regarding dispositive matters. *See* N.D. Fla. Loc. R. 72.2; *see also* 28 U.S.C. § 636(b) and Fed. R. Civ. P. 72(b). After a careful review of the record and the arguments presented, it is the opinion of the undersigned that Defendant has not raised any issue requiring an evidentiary hearing and that the § 2255 motion should be denied. *See* Rules 8(a) and (b), Rules Governing Section 2255 Cases.

### PROCEDURAL BACKGROUND

Defendant was charged on April 7, 2009, in a two-count indictment with solicitation to commit armed bank robbery in violation of 18 U.S.C. § 373 ("Count One") and possession of a firearm by a convicted felon in violation of 18 U.S.C. § 922(g)(1) and 924(e) ("Count Two") (doc. 10). The indictment alleged that Defendant attempted to solicit a confidential informant to assist him in committing an armed bank robbery (*id.*). On April 9, 2009, the Government filed a Notice

of Enhancement Information indicating its intent to seek enhanced penalties due to Defendant's prior felony convictions (doc. 17).   Attorney Donald M. Sheehan was appointed to represent Defendant (docs. 19, 23).

On May 20, 2009, Defendant entered a plea of guilty to Count Two of the indictment.  The terms of the plea agreement expressly provided that, with three prior qualifying felony convictions, Defendant's sentencing exposure included a mandatory minimum of fifteen-years imprisonment, a maximum term of life imprisonment, a $250,000.00 fine, a five-year term of supervised release, and a $100 special monetary assessment (doc. 31 at 1).   Absent the prior qualifying felony convictions, Defendant faced up to ten-years imprisonment, a $250,000.00 fine, three years of supervised release, and a $100 special monetary assessment (*id*. at 2).  Defendant admitted his guilt of the offense charged in Count Two and admitted that he was convicted of the felonies identified in the Government's Notice of Enhancement, but he reserved the right to contest the applicability of 18 U.S.C. § 924(e) at sentencing (*id*.).

The Presentence Investigation Report ("PSR") was disclosed to the defense on June 26, 2009 (doc. 34).  Defendant's base offense level for a violation of § 922(g)(1) after a prior violent felony conviction was 20 (PSR ¶ 52).   The PSR reflected a four-level upward adjustment because Defendant possessed the weapon with reason to believe it would be used in the commission of an armed bank robbery, a two-level upward adjustment for Defendant's leadership role in planning the bank robbery, and a three-level downward adjustment for acceptance of responsibility (PSR ¶¶ 53, 55, 57).   Defendant's adjusted offense level would have been 23, but for the application of an enhancement under 18 U.S.C. § 924(e), the Armed Career Criminal Act ("ACCA"), in which case U.S.S.G. § 4B1.4 provided for a base offense level of 34 (PSR ¶¶ 58–59).   After the three-level decrease for acceptance of responsibility, his total offense level was 31 (PSR ¶¶ 59–60).  Similarly, Defendant's criminal history category would have been III, but for the application of § 4B1.4(2), which automatically rendered it a VI (PSR ¶¶ 68, 69).  The corresponding advisory guidelines range was 188 to 235 months.

Defendant objected to the application of the Chapter Four enhancements, claiming that his prior felony offenses were not committed on occasions different from one another and as such should not be counted as separate predicate offenses (PSR ¶¶ 125, 127).  In a related objection,

Defendant argued that the court was prohibited from relying upon arrest and booking reports to establish whether the prior convictions were proper predicates for the application of ACCA under Shepard v. United States, 544 U.S. 13 (2005)[1] (PSR ¶ 126).  Defendant also argued that his prior conviction for escape was "not necessarily a violent felony" pursuant to recent changes in case law and therefore was not relevant to the ACCA enhancement (id.).  With respect to the general guidelines calculations, the defense also objected to the four-level upward adjustment for possession of a firearm with reason to believe the weapon would be used during the commission of an armed bank robbery (PSR ¶¶ 129–130).[2]

The parties submitted sentencing memoranda, in which they set forth their positions with respect to the ACCA enhancement and which documents the court could consider in determining the propriety of this enhancement (docs. 35, 36).  Sentencing was ultimately conducted in two parts (docs. 59, 60).   At the first proceeding, the Government sought to introduce two exhibits, labeled as Government's 1A and 1B.  Exhibit 1A was purportedly comprised of court records related to Defendant's state court judgment, including three redacted informations as well as the judgment itself, which reflects that Defendant was convicted and adjudicated guilty of a total of five felonies in three different cases in Okaloosa County, Florida (doc. 59 at 10; see also doc. 113, exhs.).  Exhibit 1B consisted of an unredacted copy of one of the informations, which charged two burglaries (id.).[3]  Defense counsel objected to the introduction of the exhibits, arguing that they contained items that were not proper for consideration under Shepard, and that the court should not consider any non-Shepard approved documents in its analysis (id. at 10, 35, 36).  With respect to

---

[1] The Court in Shepard stated that to determine whether a particular conviction qualifies as a violent felony a court is "limited to examining the statutory definition, charging document, written plea agreement, transcript of plea colloquy and any explicit factual finding by the trial judge to which the defendant assented."  544 U.S. at 16.

[2] The court sustained this objection, although this ruling did not directly impact Defendant's sentence (doc. 59 at 7).

[3] Although exhibits 1A and 1B, as well as exhibit 1C, were admitted into evidence, they were later returned to the Government (doc. 74).  Therefore, prior to entering this recommendation, the undersigned ordered the Government to file a copy of the exhibits in question (doc. 112).  From the record, it is not entirely clear that the exhibits presented to the undersigned (doc. 113) are exactly the same as those presented to the sentencing court, as exhibit A includes criminal score sheets that were not specifically mentioned when the sentencing court admitted exhibit A, though they were mentioned by Defendant's attorney during the sentencing hearing.  The undersigned has, however, accepted the exhibits as filed for the purpose of making a recommendation on Defendant's motion.

items contained in the first exhibit, 1A, Defendant conceded that the judgment and sentence as well as the informations[4] and the criminal punishment score sheet were "Shepard-approved documents," but he objected to the inclusion of a form titled "uniform commitment to custody," an "addendum to probable cause," and the "arrest /notice to appear," the latter two of which were marked with yellow tabs (id. at 10–11, 32).

The Government argued that even if the court considered only the Shepard-approved documents, it must conclude that Defendant's two prior burglary convictions and one resisting with violence were violent felonies. The Government also maintained that the Eleventh Circuit's opinion in United States v. Richardson, 230 F.3d 1297 (11th Cir. 2000) separately controlled the question of which documents the court could consider to determine whether the predicate offenses were "factually distinct" (i.e., separate offenses). Richardson, the Government argued, permitted a much wider range of inquiry than that permitted by Shepard, and would allow consideration of the addendum to probable cause, the arrest/notice to appear, and the PSR in this case (doc. 59 at 25–27).

In light of the uncertainty about which documents the court could consider to determine, first, whether the underlying prior convictions were violent felonies and, second, whether they were separate or simultaneous offenses, the court recessed the sentencing hearing without expressly admitting the Government's proposed exhibits (see doc. 59 at 11, 33 (reserving ruling on objections to exhibits)).

The parties submitted supplemental sentencing memoranda (docs. 38, 39), and the sentencing hearing resumed on October 2, 2009. The Government continued to maintain that the "purple tabbed" documents in Government's exhibit 1A, which included the state court judgment (and the statutes under which Defendant was charged) and underlying informations, were Shepard-approved documents (doc. 60 at 4). The Government conceded that the yellow tabbed documents in its exhibit 1A—the addendum to probable cause and a redacted copy of a police report—were in dispute (id. at 5). Still, it argued that those documents were included in the state court record because they were "in essence the factual summary in support of the guilty plea by the defendant to those charges," and as such they became part of the court record and could be permissibly considered under Richardson,

---

[4] The record reflects the informations were marked with a purple tab (see doc. 59 at 11, 13, 15, 29).

even if not under <u>Shepard</u> (*id.* at 5, 11).  It maintained, however, the court could conclude that Defendant's underlying convictions were separate offenses, regardless of whether it considered the <u>Richardson</u> documents (*id.* at 5–6).

The court admitted as Government's exhibit 1A only the portion of the submission that was <u>Shepard</u>-approved, that is, only the judgment and the charging documents.  Exhibit 1B, the unredacted copy of the information in one of Defendant's cases, was also admitted.  The "<u>Shepard</u>-prohibited documents"—the addendum to probable cause and the police report—became Government's exhibit 1C, and they were not admitted (doc. 60 at 18–22).  The Government noted for the record that all of the documents were part of the single package that it had obtained from state court when it obtained a copy of the judgment (*id*. at 22).

After hearing additional argument from the parties and taking a recess to review case law, the court offered identical but alternative rulings concluding that application of the ACCA enhancement was appropriate.  The court indicated that it would reach the same conclusion regardless of whether its analysis of the nature and timing of the prior offenses was limited to the <u>Shepard</u>-approved documents, or whether it followed the Eleventh Circuit's <u>Richardson</u> decision and considered all of the submissions (doc. 60 at 55–59).

The court acknowledged that its finding  had a great impact on Defendant's sentence, because absent the ACCA enhancement, Defendant's guidelines range would have been 37 to 46 months, instead of 188 to 235 months (doc. 60 at 61–62).  The defense argued for the application of no more than the statutory mandatory minimum (fifteen years (180 months)), while the Government noted that it would object to a sentence outside the applicable guidelines range (*id*. at 64–66).  The court indicated its intent to impose a 180-month sentence, but after hearing additional argument from the Government, it imposed a sentence of 190-months imprisonment to reflect the seriousness of the conduct underlying the offense (*id*. at 66–74; docs. 42, 43).

On appeal, Defendant challenged the district court's application of ACCA, and argued that the court had erred by consulting materials from the records of his prior convictions to determine their applicability as predicate offenses (doc. 72 at 4).  The Eleventh Circuit noted that since the district court's decision, it had held that sentencing courts may only consult <u>Shepard</u>-approved records to determine whether felonies were committed on separate occasions, and overruled

Richardson  (*id*. at 7, citing United States v. Sneed, 600 F.3d 1326 (11th Cir. 2010)).  The appellate court then concluded, after considering only Shepard-approved records, that Defendant had been convicted of three separate offenses, to wit, two burglaries and an escape (*id*. at 7–10).   It next addressed the question of whether escape qualified as a violent felony under the ACCA and determined that it did (*id*. at 10–16).  After so finding, the Eleventh Circuit affirmed the district court's application of the § 924(e) enhancement to Defendant's sentence (*id*. at 17).

In the present motion, Defendant initially raised fifteen grounds for relief.  He challenged the jurisdiction of the court, assailed the performance of counsel, and alleged due process or other constitutional violations primarily relating to the sentencing court's consideration of the state court informations in determining the appropriate sentence in this case.  The Government filed a response in which it opposed the motion in its entirety.  Defendant indicated in his reply that after reviewing the Government's response, he wishes to abandon or voluntarily dismiss Grounds Five, Eight, Nine, Eleven, Fourteen, and Fifteen (doc. 89).  Nine grounds for relief thus remain, in addition to two supplemental claims asserted by Defendant in subsequent filings.

## LEGAL ANALYSIS

### General Standard of Review

Collateral review is not a substitute for direct appeal, and therefore the grounds for collateral attack on final judgments pursuant to § 2255 are extremely limited.  A prisoner is entitled to relief under section 2255 if the court imposed a sentence that (1) violated the Constitution or laws of the United States, (2) exceeded its jurisdiction, (3) exceeded the maximum authorized by law, or (4) is otherwise subject to collateral attack.  *See* 28 U.S.C. § 2255(a); McKay v. United States, 657 F.3d 1190, 1194 n.8 (11th Cir. 2011).  "Relief under 28 U.S.C. § 2255 'is reserved for transgressions of constitutional rights and for that narrow compass of other injury that could not have been raised in direct appeal and would, if condoned, result in a complete miscarriage of justice.'"  Lynn v. United States, 365 F.3d 1225, 1232 (11th Cir. 2004) (citations omitted).  The "fundamental miscarriage of justice" exception recognized in Murray v. Carrier, 477 U.S. 478, 496 (1986), provides that it must be shown that the alleged constitutional violation "has probably resulted in the conviction of one who is actually innocent . . . ."

The law is well established that a district court need not reconsider issues raised in a section 2255 motion which have been resolved on direct appeal.  Rozier v. United States, 701 F.3d 681, 684 (11th Cir. 2012); United States v. Nyhuis, 211 F.3d 1340, 1343 (11th Cir. 2000); Mills v. United States, 36 F.3d 1052, 1056 (11th Cir. 1994).  Once a matter has been decided adversely to a defendant on direct appeal, it cannot be re-litigated in a collateral attack under section 2255.  Nyhuis, 211 F.3d at 1343 (quotation omitted).  Broad discretion is afforded to a court's determination of whether a particular claim has been previously raised.  Sanders v. United States, 373 U.S. 1, 16 (1963) ("identical grounds may often be proved by different factual allegations . . . or supported by different legal arguments . . . or couched in different language . . . or vary in immaterial respects").

Because a motion to vacate under section 2255 is not a substitute for direct appeal, issues which could have been raised on direct appeal are generally not actionable in a section 2255 motion and will be considered procedurally barred.  Lynn, 365 F.3d at 1234–35; Bousley v. United States, 523 U.S. 614, 621 (1998); McKay v. United States, 657 F.3d 1190, 1195 (11th Cir. 2011).  An issue is "'available' on direct appeal when its merits can be reviewed without further factual development."  Lynn, 365 F.3d at 1232 n.14 (quoting Mills, 36 F.3d at 1055).  Absent a showing that the ground of error was unavailable on direct appeal, a court may not consider the ground in a section 2255 motion unless the defendant establishes (1) cause for not raising the ground on direct appeal, and (2) actual prejudice resulting from the alleged error, that is, alternatively, that he is "actually innocent."  Lynn, 365 F.3d at 1234; Bousley, 523 U.S. at 622 (citations omitted).  To show cause for procedural default, a defendant must show that "some objective factor external to the defense prevented [him] or his counsel from raising his claims on direct appeal and that this factor cannot be fairly attributable to [defendant's] own conduct."  Lynn, 365 F.3d at 1235.  A meritorious claim of ineffective assistance of counsel can constitute cause.  See Nyhuis, 211 F.3d at 1344.

Ineffective assistance of counsel claims are generally not cognizable on direct appeal and are properly raised by a § 2255 motion regardless of whether they could have been brought on direct appeal.  Massaro v. United States, 538 U.S. 500, 503 (2003); see also United States v. Franklin, 694 F.3d 1, 8 (11th Cir. 2012).  In order to prevail on a constitutional claim of ineffective assistance of counsel, a defendant must demonstrate both that counsel's performance was below an objective and

reasonable professional norm and that he was prejudiced by this inadequacy.  Strickland v. Washington, 466 U.S. 668, 686 (1984); Williams v. Taylor, 529 U.S. 362, 390 (2000); Darden v. United States, 708 F.3d 1225, 1228 (11th Cir. 2013).  Strickland's two-part test also applies to guilty pleas.  Lafler v. Cooper, 132 S. Ct. 1376, 1384 (2012) (citing Hill v. Lockhart, 474 U.S. 52, 58 (1985)).  A defendant will be required to show that but for counsel's errors, he would not have pleaded guilty and would have instead insisted on proceeding to trial.  Id. at 1384–85 (quoting Hill, 474 U.S. at 59); Rosin v. United States, No. 14-10175, 2015 WL 2251081 (11th Cir. May 14, 2015).  A defendant's "after the fact testimony concerning his desire to plead, without more, is insufficient to establish" prejudice.  Pericles v. United States, 567 F. App'x 776, 782 (11th Cir. 2014) (quoting Diaz v. United States, 930 F.2d 832, 835 (11th Cir. 1991)).  In applying Strickland, the court may dispose of an ineffective assistance claim if a defendant fails to carry his burden on either of the two prongs.  Strickland, 466 U.S. at 697; Brown v. United States, 720 F.3d 1316, 1326 (11th Cir. 2013); Holladay v. Haley, 209 F.3d 1243, 1248 (11th Cir. 2000) ("[T]he court need not address the performance prong if the defendant cannot meet the prejudice prong, or vice versa.").

In determining whether counsel's conduct was deficient, this court must, with much deference, consider "whether counsel's assistance was reasonable considering all the circumstances." Strickland, 466 U.S. at 688; see also Dingle v. Sec'y for Dep't of Corr., 480 F.3d 1092, 1099 (11th Cir. 2007).  Reviewing courts are to review counsel's performance in a highly deferential manner and "must indulge a strong presumption that counsel's conduct fell within the wide range of reasonable professional assistance."  Hammond v. Hall, 586 F.3d 1289, 1324 (11th Cir. 2009) (quoting Strickland, 466 U.S. at 689); see also Chandler v. United States, 218 F.3d 1305, 1315–16 (11th Cir. 2000) (discussing presumption of reasonableness of counsel's conduct); Lancaster v. Newsome, 880 F.2d 362, 375 (11th Cir. 1989) (emphasizing that petitioner was "not entitled to error-free representation").  Counsel's performance must be evaluated with a high degree of deference and without the distorting effects of hindsight.  Strickland, 466 U.S. at 689.  To show counsel's performance was unreasonable, a defendant must establish that "no competent counsel would have taken the action that his counsel did take."  Gordon v. United States, 518 F.3d 1291, 1301 (11th Cir. 2008) (citations omitted); Chandler, 218 F.3d at 1315.  When examining the

performance of an experienced trial counsel, the presumption that counsel's conduct was reasonable is even stronger, because "[e]xperience is due some respect."  Chandler, 218 F.3d at 1316 n.18.

With regard to the prejudice requirement, a defendant must establish that, but for counsel's deficient performance, the outcome of the proceeding would have been different.  Strickland, 466 U.S. at 694.  "The likelihood of a different result must be substantial, not just conceivable."  Harrington v. Richter, 562 U.S. 86, 112 (2011) (quoting Strickland).  For the court to focus merely on "outcome determination," however, is insufficient; "[t]o set aside a conviction or sentence solely because the outcome would have been different but for counsel's error may grant the defendant a windfall to which the law does not entitle him."  Lockhart v. Fretwell, 506 U.S. 364, 369–70 (1993); Allen v. Sec'y, Fla. Dep't of Corr., 611 F.3d 740, 754 (11th Cir. 2010).  A defendant therefore must establish "that counsel's errors were so serious as to deprive the defendant of a fair trial, a trial whose result is reliable."  Lockhart, 506 U.S. at 369 (quoting Strickland, 466 U.S. at 687).  Or in the case of alleged sentencing errors, a defendant must demonstrate that there is a reasonable probability that, but for counsel's errors, the result of the proceeding would have been less harsh due to a reduction in the defendant's offense level.  Glover v. United States, 531 U.S. 198, 203–04 (2001).  A significant increase in sentence is not required to establish prejudice, as "any amount of actual jail time has Sixth Amendment significance."  Id. at 203.

To establish ineffective assistance, Defendant must provide factual support for his contentions regarding counsel's performance.  Smith v. White, 815 F.2d 1401, 1406–07 (11th Cir. 1987).  Bare, conclusory allegations of ineffective assistance are insufficient to satisfy the Strickland test.  See Boyd v. Comm'r, Ala. Dep't of Corr., 697 F.3d 1320, 1333–34 (11th Cir. 2012); Garcia v. United States, 456 F. App'x 804, 807 (11th Cir. 2012) (citing Yeck v. Goodwin, 985 F.2d 538, 542 (11th Cir. 1993)); Wilson v. United States, 962 F.2d 996, 998 (11th Cir. 1992); Tejada v. Dugger, 941 F.2d 1551, 1559 (11th Cir. 1991); Stano v. Dugger, 901 F.2d 898, 899 (11th Cir. 1990) (citing Blackledge v. Allison, 431 U.S. 63, 74 (1977)).

Finally, the Eleventh Circuit has recognized that given the principles and presumptions set forth above, "the cases in which habeas petitioners can properly prevail . . . are few and far between."  Chandler, 218 F.3d at 1313.  This is because the test is not what the best lawyers would have done or even what most good lawyers would have done, but rather whether some reasonable

lawyer could have acted in the circumstances as defense counsel acted.  Dingle, 480 F.3d at 1099; Williamson v. Moore, 221 F.3d 1177, 1180 (11th Cir. 2000).  "Even if counsel's decision appears to have been unwise in retrospect, the decision will be held to have been ineffective assistance only if it was 'so patently unreasonable that no competent attorney would have chosen it.'"  Dingle, 480 F.3d 1099 (quoting Adams v. Wainwright, 709 F.2d 1443, 1445 (11th Cir. 1983)).

An evidentiary hearing is unnecessary when "the motion and files and records conclusively show that the prisoner is entitled to no relief."  See 28 U.S.C. § 2255(b); Gordon v. United States, 518 F.3d 1291, 1301 (11th Cir. 2008).  Not every claim of ineffective assistance of counsel warrants an evidentiary hearing.  Gordon, 518 F.3d at 1301 (citing Vick v. United States, 730 F.2d 707, 708 (11th Cir. 1984)).  To be entitled to a hearing, a defendant must allege facts which, if true would prove he is entitled to relief.  See Hernandez v. United States, 778 F.3d 1230, 1234 (11th Cir. 2015).  A hearing is not required on frivolous claims, conclusory allegations unsupported by specifics, or contentions that are wholly unsupported by the record.  Peoples v. Campbell, 377 F.3d 1208, 1237 (11th Cir. 2004); Tejada, 941 F.2d at 1559; Holmes v. United States, 876 F.2d 1545, 1553 (11th Cir. 1989) (citations omitted).  Likewise, affidavits that amount to nothing more than conclusory allegations do not warrant a hearing.  Lynn, 365 F.3d at 1239.

## DEFENDANT'S INDIVIDUAL CLAIMS FOR RELIEF[5]

### Ground One

Defendant first contends that counsel failed to advise him that his nolo contendere plea to his predicate offenses would have been "inadmissible at trial," citing Federal Rule of Evidence 410. Defendant asserts that had he known this, he would have proceeded to trial in order to contest his guilt (see doc. 81 at 4, doc. 82 at 2).  Rule 410  governs the admissibility of pleas, plea discussions, and related statements, and Defendant himself concedes in his reply that his reliance on this Rule is misguided (doc. 89 at 4–5).

---

[5] As noted above, although Defendant raised fifteen grounds for relief in his initial motion, Defendant indicates in his reply that after reviewing the Government's response, he wishes to abandon or voluntarily dismiss Grounds Five, Eight, Nine, Eleven, Fourteen, and Fifteen (doc. 89).  Therefore, those six claims will not be discussed herein.  For the sake of clarity, the court will analyze Defendant's remaining claims using the numbers assigned by him and in the order presented.

In light of the abundance of evidence against him, Defendant's suggestion that he would have proceeded to trial to contest his guilt is not persuasive. In any event, had he proceeded to trial, the fact that Defendant had a felony conviction would have been admissible, whether directly or through a stipulation, because a prior felony conviction was an essential element of the Government's proof to secure a conviction. *See* Old Chief v. United States, 519 U.S. 172, 185, 191 (1997) (requiring the Government to accept a defendant's stipulation to the fact of a prior conviction, rather than introducing the name or nature of the prior offense, which could create risk of unfair prejudice to defendant). Furthermore, regardless of the admissibility of specific evidence pertaining to Defendant's state convictions at trial, the district court could still have considered the convictions at sentencing, as it did after Defendant's guilty plea, because under Florida law, a nolo contendere plea followed by an adjudication of guilt is a conviction. *See* United States v. Drayton, 113 F.3d 1191, 1193 (11th Cir. 1997); *see also* United States v. Burrows, 566 F. App'x 889, 893–94 (11th Cir. 2014) (citing Drayton and United States v. Weeks, 711 F.3d 1255, 1261 (11th Cir. 2013), *cert. denied,* 134 S. Ct. 311 (2013)); *cf.* United States v. Willis, 106 F.3d 966, 969 (11th Cir. 1997) (a nolo plea *without* an adjudication of guilt is not a conviction within the meaning of Florida law).

Additionally, to the extent Defendant contends he could have testified at his trial but not been subjected to cross-examination regarding his prior felony convictions, because those convictions resulted from nolo contendere pleas instead of guilty pleas and, further, that his counsel was ineffective for failing to inform Defendant of this, his contention is without merit. Rule 609(a)(1)(B) of the Federal Rules of Evidence permits impeachment by evidence of criminal conviction, regardless of how the conviction was obtained, and Rule 410 does not bar the introduction of such evidence. *See* United States v. Williams, 642 F.2d 136, 139 (5th Cir. Unit B Apr. 8, 1981) (permitting introduction of evidence of fact of conviction for purposes of impeachment under Federal Rule of Evidence 609, and noting that "[o]nce convicted, whether as a result of a plea of guilty, nolo contendere, or of not guilty (followed by trial), convictions stand on the same footing, unless there be a specific statute creating a difference.") (citations omitted).[6]

---

[6] In Bonner v. City of Prichard, 661 F.2d 1206 (11th Cir. 1981) (en banc), the Eleventh Circuit adopted as binding precedent all former Fifth Circuit decisions rendered before October 1, 1981.

Defendant has not shown counsel was constitutionally ineffective and he is not entitled to relief on this claim.

Ground Two

Defendant asserts that counsel was constitutionally ineffective because he failed to object to the admission of the "hearsay informations." Defendant argues that the Government disingenuously represented to the court that the informations in his state court case were incorporated into the state's official judgment, and that based on this representation the district court accepted the facts contained therein as truthful and accurate and used them to impose the ACCA enhancement. In actuality, Defendant states, the informations were nothing more than hearsay, and thus were inadmissible and should not have been considered.

Defendant's argument disregards the fact that Shepard expressly identified the charging document as an acceptable source from which a sentencing court can glean information about a defendant's prior offense. Shepard, 544 U.S. at 26. The Court did not make any allowances, and did not need to make any allowances, for the fact that most indictments and informations—including Defendant's—of necessity, will contain hearsay, because grand juries and prosecutors ordinarily do not have personal knowledge of the offense conduct. The objection Defendant now proposes is without merit. Counsel is not constitutionally ineffective for failing to preserve or argue a meritless claim. Freeman v. Attorney General, Florida, 536 F.3d 1225, 1233 (11th Cir. 2008); *see also* Sneed v. Florida Dep't of Corrections, 496 F. App'x 20, 27 (11th Cir. 2012) (failure to preserve meritless Batson claim not ineffective assistance of counsel); Lattimore v. United States, 345 F. App'x 506, 508 (11th Cir. 2009) (counsel not ineffective for failing to make a meritless objection to an obstruction enhancement); Brownlee v. Haley, 306 F.3d 1043, 1066 (11th Cir. 2002) (counsel was not ineffective for failing to raise issues clearly lacking in merit); United States v. Winfield, 960 F.2d 970, 974 (11th Cir. 1992) (no ineffective assistance of counsel for failing to preserve or argue meritless issue). As such, Defendant cannot show prejudice, and he is not entitled to relief on this claim.[7]

---

[7] Defendant's reference in his reply to the Confrontation Clause (doc. 89 at 7), which provides that "in all criminal prosecutions, the accused shall enjoy the right . . . to be confronted with the witnesses against him," is a red herring, as that clause is inapposite here. To the extent Defendant suggests that his prior conviction may have been

Ground Three

Defendant asserts that counsel was constitutionally ineffective because he failed to present "exculpatory" evidence. Defendant asserts that counsel had a copy of the plea colloquy transcript and the written plea agreement from his prior state court proceedings and that these documents would have proven that the "facts" set forth in the charging documents were never incorporated into the plea or admitted to by him (*see* doc. 82, exhs. A & B). The undersigned's review of the documents Defendant has submitted does not comport with the interpretation he suggests.

During the state plea colloquy defense counsel states that Defendant wanted to enter a plea of "no contest to the information *as charged in those three cases*" (doc. 82 at 21 (emphasis added)). This statement not only buttresses this sentencing court's conclusion that the offense conduct involved three separate incidents, but also strongly suggests that Defendant was not contesting the facts that were set forth in the charging documents in those cases.[8] Regardless of whether Defendant admitted those facts or not, however, this sentencing court was permitted to consider the charging documents. Additionally, even if Defendant's counsel had submitted the plea colloquy transcript and the written plea agreement to this court at sentencing, nothing in those documents undermines the court's conclusion that Defendant was subject to the ACCA enhancement.

Defendant has not shown that the outcome of the proceedings would have been more favorable if counsel had introduced the evidence in question. As such, the court finds that counsel was not constitutionally ineffective, and Defendant is not entitled to relief.

---

invalid due to state counsel's ineffectiveness (*id.* at 38–39) this is not the proper forum in which to pursue that claim.

[8] The portion of the colloquy during which the court inquired directly of Defendant is not instructive. The entirety of the exchange was as follows:

|  |  |
|---|---|
| THE COURT: | Age? |
| DEFENDANT: | Nineteen |
| THE COURT: | Education level? |
| DEFENDANT: | High school diploma, sir. |
| THE COURT: | Did you read, understand and sign this written plea agreement? |
| DEFENDANT: | Yes, Your Honor. |
| THE COURT: | Anybody mistreat you? |
| DEFENDANT: | No, Your Honor. |

(doc. 82 at 22). Nor is the plea agreement—which Defendant admitted reading, understanding and signing—instructive, as indicates simply that the facts of the offense conduct are "stipulated" (*id.* at 22, 27).

Case Nos.: 3:09cr35/MCR/EMT; 3:12cv297/MCR/EMT

Ground Four[9]

Defendant asserts that counsel was constitutionally ineffective because he failed to apprise the sentencing court that Defendant's state court case involved Alford[10]-type "best interest" pleas, and that Defendant did not accept, adopt, or admit to any of the specific "facts" surrounding his predicate convictions.

In North Carolina v. Alford, 400 U.S. 25, 37 (1970) the Supreme Court held that "[a]n individual accused of crime may voluntarily, knowingly, and understandingly consent to the imposition of a prison sentence even if he is unwilling or unable to admit his participation in the acts constituting the crime." Under Alford, a trial judge may accept the guilty plea of a defendant who protests his innocence if a strong factual basis for the plea exists. *Id.* at 31–32; *see also* United States v. Dykes, 244 F. App'x 296, 298 (11th Cir. 2007) (citing Alford); United States v. Gomez-Gomez, 822 F.2d 1008 (11th Cir. 1987) (citations omitted). An Alford plea is not precisely the same as a nolo plea, but under Florida law, "a plea of nolo contendere is equivalent to a plea of guilty." *See* Florida v. Royer, 460 U.S. 491, 495 n.5 (1983).

Defendant relies in his reply on cases from other jurisdictions that are not instructive on the meaning of Florida law, including United States v. Cruz, 469 F. App'x 161, 165, 167 (4th Cir. 2012) ("Oklahoma law does not posit that a defendant who enters a plea of nolo contendere admits [the facts alleged in the information]") and United States v. Flores-Vasquez, 641 F.3d 667, 671 (5th Cir. 2011) (collecting cases that stand for the proposition that an Alford plea is not, in itself, an admission of the facts in the prosecution's proffer) (citing United States v. Alston, 611 F.3d 219, 227 (4th Cir. 2010); United States v. Savage, 542 F.3d 959, 966 (2d Cir. 2008); United States v. De Jesus Ventura, 565 F.3d 870, 879 (D.C. Cir. 2009) (stating that a sentencing court may not rely on factual proffer accompanied only by a nolo contendere plea)). At least one court in this district has noted that, under Florida law, by entering a plea of nolo contendere, a defendant admits the facts alleged

---

[9] As will be seen in the discussion that follows, Defendant's Ground Four overlaps somewhat with the claim he asserted in Ground Three and, at least in part, these Grounds have intertwined facts. For the sake of clarity—but at the cost of some repetition—the court discusses the grounds separately, as it does with Defendant's remaining grounds, some of which also overlap.

[10] *See* North Carolina v. Alford, 400 U.S. 25, 37 (1970). An Alford plea allows a defendant to plead guilty while maintaining his factual innocence.

in the information for the purpose of the pending prosecution.  *See* Irving v. Crews, Case No. 3:12CV184/LC/CJK, 2013 WL 7018544, at *12 (N.D. Fla. 2013) (citing Mills v. State, 840 So. 2d 464, 466 (Fla. 4th DCA 2003) (citations omitted); Vernold v. State, 376 So. 2d 1166 (Fla. 1979)).

Regardless of whether Defendant's state court plea was an Alford plea, a nolo contendere plea followed by an adjudication of guilt is a conviction under Florida law that may qualify as an ACCA-predicate conviction.  Drayton, 113 F.3d at 1193; Burrows, 566 F. App'x at 893–894.  And, Defendant's state court attorney's statement that Defendant sought to plead no contest "to the information as charged in those cases," read in conjunction with the statement on the written plea agreement that the facts were stipulated was clearly, to the state court, a sufficient basis to support Defendant's plea and an adjudication of guilt.  This court properly considered Defendant's state convictions, and the related Shepard-approved documents assisted it in determining whether the convictions were properly considered ACCA predicates.  Counsel was not constitutionally ineffective for failing to argue that Defendant's state court plea was an Alford plea, as such an argument would not have changed the outcome of the proceedings.  Defendant is not entitled to relief on this claim.

Ground Six

Defendant contends that the sentencing court lacked subject matter jurisdiction over the instant offense.  He states that although 18 U.S.C. § 3231 confers criminal jurisdiction on the "courts of the United States," the district court for the Northern District of Florida is not such a court under 18 U.S.C. § 23.  This contention is without merit.  Title 18 U.S.C. § 23 merely clarifies that references within title 18 to the term "court of the United States" also includes references to courts that are located within certain United States territories (i.e., the District Courts of Guam, the Northern Mariana Islands, and the Virgin Islands).  The statute does not limit criminal jurisdiction to these specifically enumerated courts.  Defendant's argument is patently frivolous, and he is not entitled to relief.

Ground Seven

Defendant contends that his right to due process was violated by the improper admission in this case of "hearsay" in the form of the state court informations in light of the fact that he was never afforded the opportunity to contest the validity of the "facts" contained within these documents.

Defendant asserts that appellate counsel was constitutionally ineffective for failing to raise this argument on appeal.

Due process of law requires that a defendant receive effective assistance of appellate counsel on his direct appeal.  Evitts v. Lucey, 469 U.S. 387, 396 (1985).  To prevail on a claim for ineffective assistance of appellate counsel, a defendant must show that (1) appellate counsel's performance was deficient, and (2) but for counsel's deficient performance he would have prevailed on appeal.  Shere v. Sec'y Fla. Dep't of Corr., 537 F.3d 1304, 1310 (11th Cir. 2008); *see also* Philmore v. McNeil, 575 F.3d 1251, 1264 (11th Cir. 2009) (holding that claims for ineffective assistance of appellate counsel are governed by the same standards applied to trial counsel under Strickland v. Washington, 466 U.S. 668, 687 (1984)). To determine whether defense counsel rendered ineffective assistance by failing to raise certain issues on appeal, the court may consider the merits of the issues the defendant alleges counsel was derelict in not raising on appeal.  Miller v. Dugger, 858 F.2d 1536, 1538 (11th Cir. 1988); Reutter v. Secretary for Dept. of Corrections, 232 F. App'x 914, 917 (11th Cir. 2007) (determining that counsel's decision not to raise a particular argument on appeal, in light of his having raised several important claims, was likely a strategic decision to "winnow out weaker arguments").  Of course, appellate counsel is not ineffective for failing to raise claims that are reasonably considered to be without merit.  Brown v. United States, 720 F.3d 1316, 1335 (11th Cir. 2013); Shere, 537 F.3d at 1311; Nyhuis, 211 F.3d at 1344 (citing Alvord v. Wainwright, 725 F.2d 1282, 1291 (11th Cir. 1984)). As stated in the court's discussion of Ground Two, *supra*, the underlying premise of Defendant's argument is without merit. Thus, counsel was not constitutionally ineffective for his failure to raise this issue on appeal and Defendant is not entitled to relief.

Ground Ten

Defendant contends that his due process rights were violated because the court violated the standards of Apprendi[11] and Shepard.  He asserts that the Government "persuaded" the court to use facts that were neither admitted nor adopted by him in the state court proceedings, nor proven to a jury to answer the "separate offenses" inquiry, and that appellate counsel was constitutionally

---

[11] Apprendi v. New Jersey, 530 U.S. 466, 120 S. Ct. 2348, 147 L. Ed. 2d 435  (2000).

ineffective for his failure to raise this claim on appeal.  This claim is essentially another variation on other of Defendant's claims.[12]  The record is abundantly clear that there was no <u>Shepard</u> violation (*see* doc. 72).  Defendant's claim that counsel was constitutionally ineffective for failure to raise the issue of an <u>Apprendi</u> violation on appeal is without merit.  In <u>Apprendi</u>, the Supreme Court held that "[o]ther than the fact of a prior conviction, any fact that increases the penalty for a crime beyond the prescribed statutory maximum must be submitted to a jury, and proved beyond a reasonable doubt." 530 U.S. at 490.  As Defendant was advised during his plea colloquy, the statutory maximum sentence he faced was life imprisonment (doc. 62 at 16).  The court also advised Defendant that by entering his guilty plea, Defendant waived his right to a jury determination of any matter relating to his sentencing (*id*. at 12).  Defendant acknowledged that he understood these rights, yet persisted in his guilty plea (*id*. at 13, 27).  There is no error under <u>Apprendi</u> when a defendant receives a sentence of less than the statutory maximum.  *See* <u>United States v. Gallego</u>, 247 F.3d 1191, 1197 (11th Cir. 2001); <u>United States v. Sanchez</u>, 269 F.3d 1250, 1288 (11th Cir. 2001).  Counsel was not constitutionally ineffective for his failure to raise this issue on appeal, and Defendant is not entitled to relief on this claim.  *See* <u>Brown</u>, 720 F.3d at 1335; <u>Shere</u>, 537 F.3d at 1311.

<u>Ground Twelve</u>

In his twelfth ground for relief, Defendant raises another jurisdictional challenge.  He claims that P.L. 80-772, which recodified title 18, was not legally enacted due to the lack of a quorum during the Congressional vote, and therefore that title 18 U.S.C. § 3231 "does not exist as a valid statute" (doc. 82 at 16–17).  Defendant has cited no authority in support of his claim, and although multiple courts have been called upon to consider similar, if not identical, claims, none have found the argument to have merit.  *See, e.g.,* <u>United States v. Siegelman</u>, Case No. 2:05-cr-119-MEF-CSC; 2007 WL 1284276, *1 (M.D. Ala. Apr. 30, 2007) (providing that "even the briefest forays into the electronic databases available for legal research yields a long list of judicial opinions that have considered and rejected" the claim that "18 U.S.C. § 3231, the statute which gives the district courts

---

[12] The Government failed to respond to this claim in its response, and Defendant moved for summary judgment on this claim (*see* docs. 88, 97).  When the Government did not respond to the motion for summary judgment, Defendant then filed a motion for default judgment on his motion for summary judgment (doc. 101).  The court denied the motions (doc. 102).

of the United States original jurisdiction over all offenses against the laws of the United States, was not properly enacted"); United States v. Levy, 849 F. Supp. 2d 1353, 1357 (S.D. Fla. 2012) (citing United States v. Campbell, 221 F. App'x 459, 461 (7th Cir. 2007) (rejecting argument that § 3231 is void because the House and Senate did not vote on it during the same session of Congress); United States v. Collins, 510 F.3d 697, 698 (7th Cir. 2007) (describing attack on constitutionality of the enaction of title 18 as "unbelievably frivolous"); United States v. Potts, 251 F. App'x 109, 111 (3d Cir. 2007) (denying motion to void a criminal judgment and holding that the defendant's contention that the 1948 amendment to § 3231 was not passed by both houses of Congress was "frivolous"); Rhodes v. United States, Case No. 4:06–CR–00218, 2011 WL 2693571, at *1 (E.D. Ark. July 12, 2011) (rejecting claim that a quorum was not present when the House voted on Public Law 80–772); Turner v. United States, Case No. 11–0327–WS–C, 2011 WL 5595939, at *5–6 (S.D. Ala. Sep. 8, 2011) (denying challenge to the jurisdiction of the court on the ground that the House vote on Public Law 80–772 was taken without a quorum); United States v. Felipe, Case No. 07–CV–061, 2007 WL 2207804, at *2 (E.D. Pa. July 30, 2007) (rejecting argument that there was a sine die recess in Congress between the House vote on Public Law 80–772 and its adoption by the Senate in violation of the Constitution)); Wolford v. United States, 362 F. App'x 231 (3d Cir. 2010) (rejecting argument that section 3231 was improperly enacted).  No relief is warranted on this claim.

Ground Thirteen

Defendant claims that the sentencing court's determination of the nature and circumstances of Defendant's predicate convictions essentially denied Defendant the right to a trial by jury pursuant to Apprendi, because the "fact" of his prior convictions increased his sentence beyond the statutory maximum (doc. 82 at 17).  He further asserts that counsel was constitutionally ineffective for his failure to raise this claim on appeal.  To the extent Defendant's claim is not procedurally barred, his  assertion in this respect is mistaken.  As noted above, Defendant was expressly advised that by entering his guilty plea, he waived his right to a jury determination of any matter relating to his sentencing (doc. 62 at 12).   Defendant acknowledged that he understood these rights, yet persisted in his guilty plea (id. at 13, 27).  Thus, there was no meritorious Apprendi argument for counsel to raise on appeal, and Defendant is not entitled to relief.

Defendant's Supplemental Claims

In addition to the claims raised in his second amended motion to vacate, Defendant raises two additional claims. First, Defendant filed a Motion to Expedite the Proceedings (doc. 90), in which he suggested that he is entitled to relief under the Supreme Court's decision in Alleyne v. United States, 133 S. Ct. 2151 (2013). In Alleyne, the Supreme Court extended the holding in Apprendi to facts, other than a prior conviction, that increase the mandatory minimum prescribed by a statute, while recognizing that such facts are distinct from fact-findings that guide judicial discretion in selecting a punishment within limits fixed by law. Alleyne, 133 S. Ct. at 2161 & n.2. However, even if Alleyne were applicable to the facts of Defendant's case, is not retroactively applicable on collateral review. See Jeanty v. Warden, FCI Miami, 757 F.3d 1283, 1285 (11th Cir. 2014); United States v. Harris, 741 F.3d 1245, 1250 n.3 (11th Cir. 2014); see also United States v. Redd, 735 F.3d 88, 91 (2d Cir. 2013); United States v. Winkelman, 746 F.3d 134, 136 (3d Cir. 2014); In re Kemper, 735 F.3d 211, 212 (5th Cir. 2013); In re Mazzio, 756 F.3d 487 (6th Cir. 2014); Simpson v. United States, 721 F.3d 875, 876 (7th Cir. 2013). Therefore, no relief is warranted on this claim.

Defendant also filed a "Motion for Judicial Notice" in which he requests that the court take notice of the Supreme Court's decision in Descamps v. United States, 133 S. Ct. 2276 (2013). In Descamps, the Supreme Court held that sentencing courts may not apply the modified categorical approach to determine if a conviction is a violent felony under ACCA when the crime of conviction has a single, indivisible set of elements. 133 S. Ct. at 2281–82 (2013). Conversely, the modified categorical approach, which permits the sentencing court to examine the charging document, the written plea agreement, the transcript of the plea colloquy, and any explicit factual finding by the trial judge to which the defendant assented to determine which statutory phrase was the basis for the conviction, is permissibly used in the case of divisible statutes, that offer alternative bases for conviction. See Wilson v. Warden, FCC Coleman, 581 F. App'x 750, 753–54 (11th Cir. 2014) (per curium). In any event, like Alleyne, Descamps is not retroactively applicable to cases on collateral review. See Wilson, 581 F. App'x at 753 ("The Supreme Court itself has not expressly declared Descamps to be retroactive to cases on collateral review. Moreover, Descamps was decided in the context of a direct appeal, and the Supreme Court has not since applied it to a case on collateral review."); see also In re Jackson, 776 F.3d 292 (5th Cir. 2015) (Descamps is not retroactively

applicable on collateral review such that it authorizes the filing of a successive § 2255 motion); <u>Groves v. United States</u>, 755 F.3d 588, 593 (7th Cir. 2014) ("To date, the Supreme Court has not made <u>Descamps</u> retroactive on collateral review."), *cert. denied* 135 S. Ct. 501 (2014).  As such, <u>Descamps</u> does not afford Defendant any relief.

## CONCLUSION

For all of the foregoing reasons, the court finds that Defendant has failed to show that any of the claims raised in his motion to vacate, set aside, or correct sentence pursuant to 28 U.S.C. § 2255 have merit.  Nor has he shown that an evidentiary hearing is warranted.  Therefore Defendant's motion should be denied in its entirety.

## <u>Certificate of Appealability</u>

Rule 11(a) of the Rules Governing Section 2255 Proceedings provides that "[t]he district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant," and if a certificate is issued "the court must state the specific issue or issues that satisfy the showing required by 28 U.S.C. § 2253(c)(2)."  A timely notice of appeal must still be filed, even if the court issues a certificate of appealability.  Rule 11(b), § 2255 Rules.

After review of the record, the court finds no substantial showing of the denial of a constitutional right. § 2253(c)(2); <u>Slack v. McDaniel</u>, 529 U.S. 473, 483–84 (2000) (explaining how to satisfy this showing) (citation omitted).  Therefore, it is also recommended that the court deny a certificate of appealability in its final order.

The second sentence of Rule 11(a) provides: "Before entering the final order, the court may direct the parties to submit arguments on whether a certificate should issue."  If there is an objection to this recommendation by either party, that party may bring this argument to the attention of the district judge in the objections permitted to this report and recommendation.

Based on the foregoing, it is respectfully **RECOMMENDED**:

1.      The second amended motion to vacate, set aside, or correct sentence (doc. 81) be **DENIED**.

2.      A certificate of appealability be **DENIED**.

At Pensacola, Florida, this 19th day of June 2015.


/s/ *Elizabeth M. Timothy*
**ELIZABETH M. TIMOTHY**
**CHIEF UNITED STATES MAGISTRATE JUDGE**


### NOTICE TO THE PARTIES

**Objections to these proposed findings and recommendations must be filed within fourteen (14) days after being served a copy thereof.  Any different deadline that may appear on the electronic docket is for the court's internal use only, and does not control.  A copy of objections shall be served upon all other parties.  If a party fails to object to the magistrate judge's findings or recommendations as to any particular claim or issue contained in a report and recommendation, that party waives the right to challenge on appeal the district court's order based on the unobjected-to factual and legal conclusions.  *See* 11th Cir. Rule 3-1; 28 U.S.C. § 636**.