IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
PENSACOLA DIVISION

UNITED STATES OF AMERICA

vs.                                    Case Nos.:  3:09cr35/MCR/EMT
                                                   3:12cv297/MCR/EMT

TAUREAN PROCH

_____/

**O R D E R**

    This case is before the Court for consideration of Defendant Taurean Proch's objections (Doc. 122) to the Magistrate Judge's Report and Recommendation ("R&R") (Doc. 116) that recommends denial of Proch's second amended motion to vacate, set aside, or correct his sentence filed under 28 U.S.C. § 2255. Proch has identified nine grounds for § 2255 relief. The R&R recommends denying relief on those grounds. The R&R also recommends denying relief on two "supplemental" grounds that were not included in Proch's second amended motion.[1]

    The parties have been furnished a copy of the Report and Recommendation and have been afforded an opportunity to file objections pursuant to Title 28, United States Code, Section 636(b)(1). The Court has reviewed the Report and Recommendation de novo and considered Proch's objections, which were the only objections filed. Having considered the Report and Recommendation, as well as Proch's objections, the Court concludes that the Report and Recommendation should be adopted.

    The Court also addresses three contentions asserted for the first time in Proch's objections to the R&R, two of which deserve no more than the footnote accompanying

---

[1] The first is based on the Supreme Court's holding in *Alleyne v. United States*, __U.S.__, 133 S. Ct. 2151 (2013), that a facts, other than the mere fact of a prior conviction, cannot be used to increase a mandatory minimum sentence unless they are found by a jury beyond a reasonable doubt. The second is based on the Supreme Court's holding in *Descamps v. United States*, __U.S.__, 133 S. Ct. 2276 (2013), that the "modified categorical approach" to statutory interpretation in determining whether a prior felony was "violent" for 18 U.S.C. § 924(e)(2)(B) purposes cannot be used to interpret a statute that indivisibly sets forth the felony's elements.

this sentence, and the third of which no more than the balance of this paragraph.[2] Proch's third of these three contentions is that the Supreme Court's recent decision in *Johnson v. United States*, __U.S.__, 135 S. Ct. 2551 (2015), which struck down as unconstitutionally vague the ACCA's residual clause, 18 U.S.C. §924(e)(2)(B)(ii), should be applied retroactively to his sentence.  The Eleventh Circuit has rejected this contention, holding that *Johnson* does *not* apply to cases on collateral review. *In re Rivero*, __F.3d__, 2015 4747749, *1, *3 (11th Cir. 2015).  *Johnson* does not apply to Proch's § 2255 petition and affords him no relief.

Accordingly, it is now **ORDERED** as follows:

1. The Magistrate Judge's Report and Recommendation is adopted and incorporated by reference in this order.

2. Proch's second motion to vacate, set aside, or correct sentence (Docs. 81, 82) is **DENIED** and **DISMISSED**.

3.  Proch's constructive motion for leave to amend for a third time his § 2255 motion, which is on pages 2 – 6 of his objections to the Report and Recommendation (Doc. 122), is **GRANTED**. Having carefully considered those contentions, this third amended motion is **DENIED** and **DISMISSED** for the reasons stated in this order.

4.  A certificate of appealability is **DENIED**.

**DONE AND ORDERED** this 5th day of September, 2015.

*s/M. Casey Rodgers*
**M. CASEY RODGERS**
**CHIEF UNITED STATES DISTRICT JUDGE**

---

[2] The Court treats pages 2 – 6 of Proch's objections (Doc. 122) as a constructive motion for leave to amend for a third time his § 2255 motion.  In light of the Court's disposition of Proch's arguments, no response from the Government is necessary.

The first of Proch's new and meritless contentions asserts that the Magistrate Judge did not construe Proch's claims as liberally as the law requires.  Proch is not entitled to relief on this basis.  The Court has reviewed the Report and Recommendation de novo and with the liberality this circuit affords to the filings of pro se litigants.  Whether the magistrate judge did so does not matter.  Proch's second new and meritless contention is his accusation that the Magistrate Judge was personally biased against him.  This is frivolous.  No bias toward Proch appears in this record.  But, again, even if there were anything to the charge, it would fall within the corrective scope of the Court's de novo review.