UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF FLORIDA
PENSACOLA DIVISION

UNITED STATES OF AMERICA

vs.                                    Case Nos.:   3:09cr35/MCR/EMT
                                                    3:12cv297/MCR/EMT

TAUREAN PROCH

---

## ORDER

This case is before the court on Defendant's Motion for Reconsideration Due to Manifest Error of Law, Supplemental Motion for Reconsideration, and Memorandum in Support (ECF No. 125, 135, 147).   Defendant contends that the court erred in denying his motion pursuant to 28 U.S.C. § 2255 and that his sentence must be vacated in light of Johnson v. United States, 135 S.Ct. 2551 (2015).   The Government has filed a response in which it concedes that Defendant is entitled to sentencing relief, and Defendant has replied.   (ECF Nos. 148, 149).   The parties now disagree only as to the appropriate sentence in this case.

Defendant pleaded guilty to the offense of possession of a firearm by a convicted felon in violation of 18 U.S.C. § 922(g)(1).   (ECF Nos. 30-33).   The Court found Mr. Proch to be an armed career criminal after adopting the findings of the Presentence Investigation Report that he had two prior Florida burglary

convictions and one conviction for resisting a law enforcement officer with violence. (ECF No. 145, PSR ¶¶ 59, 63, 64, 65).   Pursuant to the Armed Career Criminal Act, ("ACCA"), a person who has three previous convictions for a violent felony, a serious drug offense, or both is subject to a mandatory minimum fifteen-year sentence.   18 U.S.C. § 924(e)(1).   The statutory definition of a violent felony under the ACCA is an offense that either "(i) has as an element the use, attempted use, or threatened use of physical force against the person of another *[known as the elements clause]* or (ii) is burglary, arson, or extortion, involves the use of explosives *[known as the enumerated offenses clause]* or otherwise involves conduct that presents a serious potential risk of physical injury to another *[known as the residual clause]*."   18 U.S.C. § 924(e)(2)(B)(i) and (ii).   An individual subject to ACCA's enhanced penalties also is subject to a greater guidelines range pursuant to U.S.S.G. § 4B1.4.   Mr. Proch was sentenced to a term of 190 months imprisonment, followed by five years of supervised release.   Absent the application of the ACCA enhancement, Mr. Proch would have faced a maximum sentence of ten years imprisonment.   *See* 18 U.S.C. § 924(a)(2).

In Johnson v. United States, 135 S.Ct. 2551 (2015), the Supreme Court ruled that the ACCA's "residual clause" was unconstitutionally vague.   Johnson, 135 S.Ct. at 2563.   Thus, a prior conviction can only qualify as a "violent felony"

if it falls within the elements clause or is one of the enumerated offenses.    After the court ruled on Defendant's § 2255 motion, the Supreme Court held that <u>Johnson</u> is retroactively applicable on collateral review.   <u>Welch v. United States</u>, 136 S.Ct. 1257, 1268 (2016).   Furthermore, in light of <u>Mathis v. United States</u>, ___ S.Ct. ___, Case No. 15-6092, 2016 WL 3434400 (2016), convictions under the non-divisible Florida burglary statute, one of which provided the basis for Mr. Proch's ACCA enhancement, are no longer proper ACCA predicates.    (ECF No. 148 at 2). Therefore, as the Government concedes, Mr. Proch no longer has the three requisite predicate convictions to support the application of the ACCA enhancement, and he is entitled to be resentenced without this enhancement.

The Final PSR, on which the Government relies for its sentencing argument, does not accurately reflect all of the Court's rulings.    (*See* ECF Nos. 43, 60, 145). At sentencing, the Court sustained a defense objection to a four level enhancement pursuant to U.S.S.G. § 2K2.1(b)(6) for possession of a firearm with "reason to believe that it would be used or possessed in connection with another felony offense."    This change is not reflected in the PSR, although it was made part of the Statement of Reasons.    (*Compare* ECF No. 145, PSR ¶ 53 and ECF No. 43 at 1). As noted at sentencing, absent the ACCA enhancement, with a total offense level of 19 and a criminal history category of III, the applicable guidelines range would have

been 37 to 46 months.    (*See* ECF No. 60 at 61-62).    The Government urges that the court consider the seriousness of the charges in imposing sentence.    (ECF No. 148 at 3).

The Court has conducted a de novo review of the entire record to determine an appropriate sentence in this case.    In doing so, the undersigned has considered the seriousness of Mr. Proch's crime and his criminal history and finds, pursuant to U.S.S.G. § 4A1.3, that an upward departure from the applicable guidelines range is appropriate.    Mr. Proch's criminal history category substantially underrepresents the likelihood that Mr. Proch will commit other crimes, and further, a variance is warranted based on the seriousness of the crime he committed, to wit planning armed bank robbery.    In light of this, the Court finds that an appropriate sentence would be calculated by doubling the top of the applicable guidelines range, for a total term of 92 months imprisonment.

Before the Court formally imposes this sentence, the parties will have the opportunity to object.    If either party wishes to be heard with respect to the proposed sentence at a formal resentencing hearing, the Court will schedule same. Absent such an objection, the Court will enter an amended Judgment reducing Mr. Proch's sentence from **190 months** to **92 months**, and reducing his term of supervised release from **five (5) years** to **three (3) years, with standard conditions,**

as well as a special condition that he complete the first 6 months of supervision at a Residential Reentry Center.

Accordingly it is **ORDERED**:

1. Defendant Proch's Motion for Reconsideration and Supplemental Motion for Reconsideration (ECF Nos. 125, 135) are **GRANTED** to the extent this order has issued.

2. The parties shall have **ten (10)** days from the date of this order to request a formal sentencing hearing, absent which request the Court will resentence Mr. Proch as set forth herein.

3. All other pending motions are denied as moot.

**DONE AND ORDERED** this 18th day of July 2016.

s/ *M. Casey Rodgers*
_____
**M. CASEY RODGERS**
**CHIEF UNITED STATES DISTRICT JUDGE**